1  Jennifer A. Kuenster, State Bar No. 104607
   jkuenster@nixonpeabody.com
2  Leon V. Roubinian, State Bar No. 226893
   lroubinian@nixonpeabody.com
3  **NIXON PEABODY LLP**
   One Embarcadero Center, 32nd Floor
4  San Francisco, CA  94111-3600
   Telephone: (415) 984-8200
5  Fax: (415) 984-8300

6  Kristi J. Livedalen, State Bar No. 155207
   klivedalen@nixonpeabody.com
7  Jeanette C. Suarez, State Bar No. 255141
   jsuarez@nixonpeabody.com
8  **NIXON PEABODY LLP**
   300 South Grand Avenue, Suite 4100
9  Los Angeles, CA 90071
   Telephone: (213) 629-6000
10 Fax: (213) 629-6001

11 Attorneys for Defendant
   FCA US LLC

12

13                  **UNITED STATES DISTRICT COURT**

14                  **CENTRAL DISTRICT OF CALIFORNIA**

15

16 | | |
   |---|---|
   | RONALD J. SUMLAR SR., an individual; and RHONDA L. SUMLAR, an individual, | Case No.: 5:20-cv-00155-DMG-KK |
   | | *DISCOVERY MATTER* |
   | Plaintiffs, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
   | vs. | |
   | FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive, | |
   | Defendants. | |

24 1.    A.  <u>PURPOSES AND LIMITATIONS</u>

25        Discovery in this action is likely to involve production of confidential,

26 proprietary, or private information for which special protection from public

27 disclosure and from use for any purpose other than prosecuting this litigation may be

28

4839-3553-1457.1

1    warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter

2    the following Stipulated Protective Order.  The parties acknowledge that this Order

3    does not confer blanket protections on all disclosures or responses to discovery and

4    that the protection it affords from public disclosure and use extends only to the

5    limited information or items that are entitled to confidential treatment under the

6    applicable legal principles.  The parties further acknowledge, as set forth in Section

7    12.3, below, that this Stipulated Protective Order does not entitle them to file

8    confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

9    that must be followed and the standards that will be applied when a party seeks

10   permission from the court to file material under seal.

11        B.  GOOD CAUSE STATEMENT

12        FCA US may produce documents which contain proprietary design materials,

13   engineering design and testing information, as well as proprietary internal processes

14   and procedures for the handling of warranty related concerns and design

15   improvements.  FCA US contends that public disclosure of such documents would

16   be of substantial interest to FCA US's competitors and disclosure of the materials

17   would harm FCA US's competitive position in the industry.

18        Such confidential and proprietary materials and information may also consist

19   of other confidential business or financial information, information regarding

20   confidential business practices, or other confidential research, development, or

21   commercial information (including information implicating privacy rights of third

22   parties), information otherwise generally unavailable to the public, or which may be

23   privileged or otherwise protected from disclosure under state or federal statutes,

24   court rules, case decisions, or common law. Accordingly, to expedite the flow of

25   information, to facilitate the prompt resolution of disputes over confidentiality of

26   discovery materials, to adequately protect information the parties are entitled to

27   keep confidential, to ensure that the parties are permitted reasonable necessary uses

28   of such material in preparation for and in the conduct of trial, to address their

- 2 -                       STIPULATED PROTECTIVE ORDER
                                         5:20-CV-00155-DMG-KK

4839-3553-1457.1

handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2.    DEFINITIONS

2.1    Action: This pending federal lawsuit.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

1   otherwise in writing or a court order otherwise directs.  Final disposition shall be

2   deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

3   or without prejudice; and (2) final judgment herein after the completion and

4   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

5   including the time limits for filing any motions or applications for extension of time

6   pursuant to applicable law.

7   5.      DESIGNATING PROTECTED MATERIAL

8           5.1     Exercise of Restraint and Care in Designating Material for Protection.

9   Each Party or Non-Party that designates information or items for protection under

10  this Order must take care to limit any such designation to specific material that

11  qualifies under the appropriate standards.  The Designating Party must designate for

12  protection only those parts of material, documents, items, or oral or written

13  communications that qualify so that other portions of the material, documents, items,

14  or communications for which protection is not warranted are not swept unjustifiably

15  within the ambit of this Order.

16          Mass, indiscriminate, or routinized designations are prohibited.  Designations

17  that are shown to be clearly unjustified or that have been made for an improper

18  purpose (e.g., to unnecessarily encumber the case development process or to impose

19  unnecessary expenses and burdens on other parties) may expose the Designating

20  Party to sanctions.

21          If it comes to a Designating Party's attention that information or items that it

22  designated for protection do not qualify for protection, that Designating Party must

23  promptly notify all other Parties that it is withdrawing the inapplicable designation.

24          5.2     Manner and Timing of Designations.  Except as otherwise provided in

25  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

26  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

27  under this Order must be clearly so designated before the material is disclosed or

28  produced.

- 5 -                         STIPULATED PROTECTIVE ORDER
                                        5:20-CV-00155-DMG-KK

4839-3553-1457.1

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (e.g., paper or electronic

3    documents, but excluding transcripts of depositions or other pretrial or trial

4    proceedings), that the Producing Party affix at a minimum, the legend

5    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

6    contains protected material.  If only a portion or portions of the material on a page

7    qualifies for protection, the Producing Party also must clearly identify the protected

8    portion(s) (e.g., by making appropriate markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection

10   need not designate them for protection until after the inspecting Party has indicated

11   which documents it would like copied and produced.  During the inspection and

12   before the designation, all of the material made available for inspection shall be

13   deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

14   it wants copied and produced, the Producing Party must determine which documents,

15   or portions thereof, qualify for protection under this Order.  Then, before producing

16   the specified documents, the Producing Party must affix the "CONFIDENTIAL

17   legend" to each page that contains Protected Material.  If only a portion or portions

18   of the material on a page qualifies for protection, the Producing Party also must

19   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

20   margins).

21   (b)    for testimony given in depositions that the Designating Party

22   identify the Disclosure or Discovery Material on the record, before the close of the

23   deposition all protected testimony.

24   (c)    for information produced in some form other than documentary

25   and for any other tangible items, that the Producing Party affix in a prominent place

26   on the exterior of the container or containers in which the information is stored the

27   legend "CONFIDENTIAL."  If only a portion or portions of the information warrants

28

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

1  protection, the Producing Party, to the extent practicable, shall identify the protected

2  portion(s).

3       5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

4  failure to designate qualified information or items does not, standing alone, waive

5  the Designating Party's right to secure protection under this Order for such material.

6  Upon timely correction of a designation, the Receiving Party must make reasonable

7  efforts to assure that the material is treated in accordance with the provisions of this

8  Order.

9  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

11 designation of confidentiality at any time that is consistent with the Court's

12 Scheduling Order.

13      6.2     Meet and Confer.  The Challenging Party shall initiate the dispute

14 resolution process under Local Rule 37.1 et seq.

15      6.3     The burden of persuasion in any such challenge proceeding shall be on

16 the Designating Party.  Frivolous challenges, and those made for an improper purpose

17 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

18 expose the Challenging Party to sanctions.  Unless the Designating Party has waived

19 or withdrawn the confidentiality designation, all parties shall continue to afford the

20 material in question the level of protection to which it is entitled under the Producing

21 Party's designation until the Court rules on the challenge.

22 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

23      7.1     Basic Principles.  A Receiving Party may use Protected Material that is

24 disclosed or produced by another Party or by a Non-Party in connection with this

25 Action only for prosecuting, defending, or attempting to settle this Action.  Such

26 Protected Material may be disclosed only to the categories of persons and under the

27 conditions described in this Order.  When the Action has been terminated, a

28

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

1   Receiving Party must comply with the provisions of section 13 below (FINAL

2   DISPOSITION).

3           Protected Material must be stored and maintained by a Receiving Party at a

4   location and in a secure manner that ensures that access is limited to the persons

5   authorized under this Order.

6           7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless

7   otherwise ordered by the court or permitted in writing by the Designating Party, a

8   Receiving   Party   may   disclose   any   information   or   item   designated

9   "CONFIDENTIAL" only to:

10                  (a)    the Receiving Party's Outside Counsel of Record in this Action,

11  as well as employees of said Outside Counsel of Record to whom it is reasonably

12  necessary to disclose the information for this Action;

13                  (b)    the officers, directors, and employees (including House Counsel)

14  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

15                  (c)    Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18                  (d)    the court and its personnel;

19                  (e)    court reporters and their staff;

20                  (f)    professional jury or trial consultants, mock jurors, and

21  Professional Vendors to whom disclosure is reasonably necessary for this Action and

22  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23                  (g)    the author or recipient of a document containing the information

24  or a custodian or other person who otherwise possessed or knew the information;

25                  (h)    during their depositions, witnesses, and attorneys for witnesses,

26  in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

27  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

28  will not be permitted to keep any confidential information unless they sign the

- 8 -
STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2   agreed by the Designating Party or ordered by the court.   Pages of transcribed

3   deposition testimony or exhibits to depositions that reveal Protected Material may be

4   separately bound by the court reporter and may not be disclosed to anyone except as

5   permitted under this Stipulated Protective Order; and

6           (i)     any mediator or settlement officer, and their supporting

7   personnel, mutually agreed upon by any of the parties engaged in settlement

8   discussions.

9   8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

10          IN OTHER LITIGATION

11          If a Party is served with a subpoena or a court order issued in other litigation

12   that compels disclosure of any information or items designated in this Action as

13   "CONFIDENTIAL," that Party must:

14          (a)     promptly notify in writing the Designating Party.   Such

15   notification shall include a copy of the subpoena or court order;

16          (b)     promptly notify in writing the party who caused the subpoena or

17   order to issue in the other litigation that some or all of the material covered by the

18   subpoena or order is subject to this Protective Order.   Such notification shall include

19   a copy of this Stipulated Protective Order; and

20          (c)     cooperate with respect to all reasonable procedures sought to be

21   pursued by the Designating Party whose Protected Material may be affected.

22          If the Designating Party timely seeks a protective order, the Party served with

23   the subpoena or court order shall not produce any information designated in this

24   action as "CONFIDENTIAL" before a determination by the court from which the

25   subpoena or order issued, unless the Party has obtained the Designating Party's

26   permission.   The Designating Party shall bear the burden and expense of seeking

27   protection in that court of its confidential material and nothing in these provisions

28   should be construed as authorizing or encouraging a Receiving Party in this Action

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

1   to disobey a lawful directive from another court.

2   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

3           PRODUCED IN THIS LITIGATION

4               (a)     The terms of this Order are applicable to information produced

5   by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

6   information produced by Non-Parties in connection with this litigation is protected

7   by the remedies and relief provided by this Order.  Nothing in these provisions should

8   be construed as prohibiting a Non-Party from seeking additional protections.

9               (b)     In the event that a Party is required, by a valid discovery request,

10  to produce a Non-Party's confidential information in its possession, and the Party is

11  subject to an agreement with the Non-Party not to produce the Non-Party's

12  confidential information, then the Party shall:

13              (1)     promptly notify in writing the Requesting Party and the

14  Non-Party that some or all of the information requested is subject to a confidentiality

15  agreement with a Non-Party;

16              (2)     promptly provide the Non-Party with a copy of the

17  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

18  reasonably specific description of the information requested; and

19              (3)     make the information requested available for inspection by

20  the Non-Party, if requested.

21              (c)     If the Non-Party fails to seek a protective order from this court

22  within 14 days of receiving the notice and accompanying information, the Receiving

23  Party may produce the Non-Party's confidential information responsive to the

24  discovery request.  If the Non-Party timely seeks a protective order, the Receiving

25  Party shall not produce any information in its possession or control that is subject to

26  the confidentiality agreement with the Non-Party before a determination by the court.

27  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

28  of seeking protection in this court of its Protected Material.

STIPULATED PROTECTIVE ORDER
                                                              5:20-CV-00155-DMG-KK

4839-3553-1457.1

1  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3  Protected Material to any person or in any circumstance not authorized under this

4  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

5  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

6  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

7  persons to whom unauthorized disclosures were made of all the terms of this Order,

8  and (d) request such person or persons to execute the "Acknowledgment and

9  Agreement to Be Bound" that is attached hereto as Exhibit A.

10  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

11       PROTECTED MATERIAL

12       When a Producing Party gives notice to Receiving Parties that certain

13  inadvertently produced material is subject to a claim of privilege or other protection,

14  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

15  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

16  may be established in an e-discovery order that provides for production without prior

17  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

18  parties reach an agreement on the effect of disclosure of a communication or

19  information covered by the attorney-client privilege or work product protection, the

20  parties may incorporate their agreement in the stipulated protective order submitted

21  to the court.

22  12.    MISCELLANEOUS

23       12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

24  person to seek its modification by the Court in the future.

25       12.2    Right to Assert Other Objections.  By stipulating to the entry of this

26  Protective Order no Party waives any right it otherwise would have to object to

27  disclosing or producing any information or item on any ground not addressed in this

28

- 11 -

4839-3553-1457.1

1    Stipulated Protective Order.  Similarly, no Party waives any right to object on any

2    ground to use in evidence of any of the material covered by this Protective Order.

3          12.3   Filing Protected Material.  A Party that seeks to file under seal any

4    Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

5    only be filed under seal pursuant to a court order authorizing the sealing of the

6    specific Protected Material at issue.  If a Party's request to file Protected Material

7    under seal is denied by the court, then the Receiving Party may file the information

8    in the public record unless otherwise instructed by the court.

9    13.   FINAL DISPOSITION

10         After the final disposition of this Action, as defined in paragraph 4, within 60

11   days of a written request by the Designating Party, each Receiving Party must return

12   all Protected Material to the Producing Party or destroy such material.  As used in

13   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14   summaries, and any other format reproducing or capturing any of the Protected

15   Material.  Whether the Protected Material is returned or destroyed, the Receiving

16   Party must submit a written certification to the Producing Party (and, if not the same

17   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

18   (by category, where appropriate) all the Protected Material that was returned or

19   destroyed and (2)affirms that the Receiving Party has not retained any copies,

20   abstracts, compilations, summaries or any other format reproducing or capturing any

21   of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

22   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

23   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

24   reports, attorney work product, and consultant and expert work product, even if such

25   materials contain Protected Material.  Any such archival copies that contain or

26   constitute Protected Material remain subject to this Protective Order as set forth in

27   Section 4 (DURATION).

28

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

JOURNEY LAW GROUP

DATED:   June 30, 2020 _____       _____*/s/ Arya Malek*_____  __
                                                    Attorneys for Plaintiff
                                                    Ronald J. Sumlar Sr. And Rhonda
                                                    L. Sumlar

NIXON PEABODY LLP

DATED:   June 24, 2020 _____       _____/s/ *Leon V. Roubinian*_____
                                                    Attorneys for Defendant
                                                    FCA US LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:___7/6/20_____

_____

HON KENLY KIYA KATO
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Ronald J. Sumlar Sr. and Rhonda L. Sumlar*, United States District Court for the Central District of California Case No. 5:20-cv-00155-DMG-KK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

STIPULATED PROTECTIVE ORDER
5:20-CV-00155-DMG-KK

4839-3553-1457.1